UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

WILMINGTON TRUST N A                      CIVIL ACTION NO. 24-cv-1275

VERSUS                                                  JUDGE S. MAURICE HICKS, JR.

PLAZA INVESTMENTS II HOLDINGS, LLC   MAGISTRATE JUDGE HORNSBY
ET AL

## MEMORANDUM ORDER

Wilmington Trust National Association filed this civil action against two LLCs based on an assertion of diversity jurisdiction. Federal Rule of Civil Procedure 7.1(a)(2) requires that parties in an action in which jurisdiction is based on diversity must file a disclosure statement that names and identifies the citizenship of every individual or entity whose citizenship is attributed to that party. The parties are granted until **October 9, 2024** to file a Diversity Jurisdiction Disclosure Statement for each party.

Wilmington notes in the complaint that a national banking association is deemed a citizen of the state in which it is "located" pursuant to 28 U.S.C. §1348. Wilmington alleges that its headquarters and principal place of business are located in Delaware. More specificity is required because the Supreme Court has interpreted the statute to mean that "a national bank … is a citizen of the State in which its main office, as set forth in its articles of association, is located." Wachovia Bank v. Schmidt, 126 S.Ct. 941 (2006). That is not necessarily the same place as a bank's principal place of business or headquarters. Choice Hospice, Inc. v. Axxess Tech. Sols., Inc., 2024 WL 758558, *4 (N.D. Tex. 2024).

With respect to the defendants, the citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Mullins v. TestAmerica Inc., 564 F.3d 386, 397-98 (5th Cir. 2009); Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp. 2018 WL 3551525 (W.D. La. 2018). Specificity of membership is required, even with complex organizations. It is not sufficient, for example, to allege that an LLC is "wholly owned" by someone. SXSW, L.L.C. v. Fed. Ins. Co., 83 F.4th 405, 408 (5th Cir. 2023).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 23rd day of September, 2024.

_____
Mark L. Hornsby
U.S. Magistrate Judge